UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:20-cr-159 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| RONALD MICKEL, | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the motion of defendant Ronald Mickel ("Mickel") to revoke the detention order. (Doc. No. 15 ["Mot."].) Plaintiff United States of America (the "government") opposes the motion. (Doc. No. 17 ["Opp'n"].) Mickel has not requested a hearing, and the Court finds that the present motion may be considered on the parties' written submissions. As part of its *de novo* review, the Court reviewed the following:

(1) The criminal complaint in this matter (Doc. No. 1);

(2) The transcript of the probable cause and detention hearing proceedings before the Honorable David A. Ruiz (Doc. No. 18 ["TR"]);

(3) The pretrial services report, filed February 19, 2020 (Doc. No. 7);

(4) The indictment, filed March 4, 2020 (Doc. No. 10);

(5) The Order of Detention Pending Trial, filed February 20, 2020 (Doc. No. 9); and

(6) Mickel's motion for *de novo* review and the government's opposition.

In accordance with 18 U.S.C. § 3142(f), the Court has reviewed the record to determine whether there any condition or combination of conditions of release that would reasonably assure the appearance of Mickel at further court proceedings and protect the public. In this particular case, there is no presumption of detention. *See* 18 U.S.C. § 3142(f)(1). In the absence of a presumption of detention, the government bears the burden of proving by clear and convincing evidence the absence of effective conditions of release. 18 U.S.C. § 3142(f)(2).

## I. BACKGROUND

On January 4, 2019, Mickel was sentenced to two years of community control following a conviction for felony domestic violence. On November 8, 2019, Mickel's supervising probation officer received a tip that Mickel was in possession of a firearm. On November 21, 2019, Mickel reported to his probation officer and voluntarily submitted to a urinalysis which tested positive for THC. Following the tip and the positive drug screen, an Adult Parole Authority Officer conducted a search of Mickel's residence and located approximately 19 grams of marijuana and 32 rounds of 9mm ammunition. On February 6, 2020, a complaint issued charging Mickel with being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). (Doc. No. 1; *see* Doc. No. 10 (Indictment).)

A preliminary hearing and detention hearing were held before the magistrate judge on February 20, 2020. During these proceedings, the government presented testimony relating to the circumstances leading to the discovery of the drugs and ammunition that form the basis for the present charge. (TR at 6-11.) The government also offered evidence relating to Mickel's prior felony record that included aggravated robbery, burglary, and multiple convictions for felony assault and felony domestic violence. Additionally, the government presented evidence of past

probation violations and the issuance of a capias. (*Id*. at 19.)

At the hearing, defense counsel explained that Mickel was the primary caregiver for his fifteen-year old daughter, who suffers from a number of serious medical conditions, including asthma. Counsel indicated that while the daughter has been living with Mickel's girlfriend since his arrest, the girlfriend does not have power of attorney and cannot make important decisions regarding the daughter's medical care. While counsel conceded that his client's criminal record "is not good[,]" he insisted that Mickel, as his daughter's legal guardian, is the only caregiver who can meet her needs. (TR at 19-22.)

At the conclusion of the hearing, the magistrate judge granted the government's motion for pretrial detention. Specifically, the Court held:

> The Court has considered the information presented to it, not only proffered by counsel with respect to the matter of pretrial detention, but the Court[] also considered the information presented in the hearing today with respect to the matter of probable cause and the testimony presented by Task Force Officer Curley.
>
> The Court[] also considered the Pretrial Services' report, as well as the Pretrial Services' recommendation based upon its assessment of Mr. Mickel's danger to the community, based upon the nature of the instant offenses, his prior arrest and convictions, substance abuse history, criminal activity while on supervision, history of violence and domestic violence charges and convictions, pattern of similar criminal activity, and its ultimate recommendation that there are no conditions or combination of conditions that would assure the safety of the community if he was released.
>
> The Court[] considered the evidence proffered by counsel for the defense and the efforts that counsel has indicated Mr. Mickel has made in order to assist his daughter and her medical conditions, and this Court is sympathetic to that underlying circumstance and is sympathetic to the continued medical need and treatment that Mr. Mickel's daughter will need to have provided.

3

> Although this Court is . . . sympathetic to those circumstances, those circumstances cannot be a controlling determination or controlling factor for this Court's determination as to whether or not Mr. Mickel's permitted release would pose a danger to the community.
>
> After taking into consideration the Bail Reform Act, as well as the pertinent statutory factors and all the information presented before me, it's this Court's determination that the Government has shown by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of the community or other persons.
>
> In making this determination, the Court has considered the weight of the evidence against the defendant, and this Court finds that the weight of the evidence in the underlying charge against Mr. Mickel is strong. But, more importantly, with respect to the matter of pretrial detention, this Court finds that the weight of the evidence, in connection with the danger that the defendant poses to others in the community should he be permitted to be released, is high.
>
> In considering --- in making that determination, this Court[] considered the lengthy criminal history of the defendant, which involves most recently, since 2010, five convictions of violent --- five convictions of violent criminal activity that are described as – in more detail in the Pretrial Services' report but surround violence toward other individuals.
>
> The Court[] also considered the opportunities that the defendant has had to be placed on community control and terms of probation. The Court notes that there is a number of incidents in which the defendant has violated prior terms of community control and been subsequently sentenced to a term of incarceration.

(TR at 30-32.)

In the written order that followed, the magistrate judge memorialized his decision finding that the government had met its burden of establishing by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of any other person or the community by highlighting the following facts: (1) the weight of the evidence against Mickel was strong, (2) Mickel was subject to a lengthy period of incarceration if convicted, (3) Mickel had a prior criminal history, (4) Mickel participated in criminal activity while on probation, parole, or supervised release, (5) Mickel had a history of violence or use of weapons, (6) Mickel

had a history of alcohol or substance abuse, and (7) Mickel lacked stable employment. (Detention Order at 30.)

## II. DISCUSSION

Mickel now seeks *de novo* review and revocation of the magistrate judge's order of detention. He submits that the magistrate judge erred in the first instance in denying him bond. He further argues that circumstances, namely the COVID-19 pandemic, have "radically changed" since his initial detention warranting reconsideration. (Mot. at 61.) In particular, he cites the conditions in prisons generally since the outbreak of the virus, as well as his concern for his minor daughter who suffers from a number of significant health issues, including severe asthma. (*Id*. at 64-69.)

Mickel complains that the magistrate judge erred in finding that Mickel was a risk of danger to others and the community. (Mot. at 63.) But in support of this argument, he relies primarily upon the circumstances surrounding his daughter's health condition and the health crisis caused by the COVID-19 pandemic. (*See id*. at 64-69.) He explains that prisoners in general are at a greater risk of contracting COVID-19 due to the realities associated with incarceration. He contends that he is "concerned about his personal health as he fears contracting COVID-19 and is afraid of the jail's ability to properly treat him if he gets sick." (*Id*. at 65-68.) He suggests that his "greater concern, however, is the health of his daughter." (*Id*. at 68.) Because individuals with certain underlying health conditions, such as asthma, are at a higher risk of contracting COVID-19, he is "petrified of the risks that are currently placed upon his daughter. Being incarcerated, he is unable to help her and is only able to receive limited information about how she is doing. The inability for him to be there for his daughter is causing

5

him great anguish and suffering." (*Id*. at 69.)

As was the magistrate judge, this Court is sympathetic to the circumstances surrounding Mickel's daughter's medical condition.[1] But the Court agrees with the magistrate judge that these circumstances, even in light of the COVID-19 pandemic, do not warrant release. Given Mickel's history of supervised release violations, and his history of substance abuse, the Court is far from convinced that Mickel would remain compliant on temporary release. "A defendant who is unable to comply with conditions of release poses potential risk to law enforcement officers who are already tasked with enforcing shelter-in-place orders in many cities and counties, pretrial services officers who come into contact with the defendant for supervision, and others if that individual is taken back into custody." *United States v. Clark*, No. 19-40068-01-HLT, 2020 WL 1446895, at *7 (D. Kan. Mar. 25, 2020). Courts have found that the increased burden on pretrial services to monitor high-risk prisoners on home detention during this national crisis, as well as the likely risk to law enforcement who would have to take a non-compliant home detainee back into custody, also weigh in favor of denying motions for temporary release. *See, e.g., United States v. Martin*, No. PWG-19-140-13, 2020 WL 1274857, at *4 (D. Md. Mar. 17, 2020) (denying request for release due to COVID-19, noting that location monitoring puts pretrial services officers at risk); *United States v. Aiad-Toss*, No. 4:19-cr-00521, 2020 WL 1514482

---

[1] The Court is also sympathetic to Mickel's general concern about contracting the virus himself. He does not suggest, however, that he has an underlying medical condition that renders him especially vulnerable to the virus, that he has contracted the virus, or that he has any symptoms of the virus. It is well settled that "speculation about future conditions does not constitute a 'compelling reason' for temporary release." *See United States v. Bastianelli*, No. 17-305, 2020 WL 1493559, at *1 (W.D. Pa Mar. 27, 2020) (collecting cases denying requests for temporary release due to generalized concerns about COVID-19). Additionally, the "physical and mental health" clause of 18 U.S.C. § 3142(g)(3)(A) does not contain a provision for speculative or possible future conditions.

(N.D. Ohio Mar. 30, 2020) (observing that "releasing . . . to home detention and electronic monitoring creates its own risks and undue burden on pretrial services").

Further, the Court finds, for the same reasons cited by the magistrate judge, that the government has proven by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community if Mickel is released. Mickel has an *extensive* history. Indeed, the Court's review of the pretrial services report reveals that Mickel's prior criminal record includes convictions for aggravated robbery, burglary, multiple drug offenses, communication threats, multiple assault against women offenses, (including assault by strangulation), and multiple felony domestic violence offenses. Additionally, the pretrial services report reflects the issuance of a capias for Mickel's failure to appear at a court hearing and multiple probations violations. (Doc. No. 7.) Mickel's assaults and domestic violence convictions are especially troubling because they involve violent incidents with former girlfriends and Mickel proposes that, if released, he would return to his home where his children and his current girlfriend reside. (TR at 25-26.) Because Mickel's release poses a particular danger to those residing in his home, the existing global health crisis does not change the analysis set forth by the magistrate judge or otherwise support release.[2]

---

[2] In fact, Mickel has failed to explain how his release would not actually *increase* the risk that his daughter would contract COVID-19. As Mickel has explained, his incarceration has caused him to be in close quarters with numerous individuals, potentially putting him at risk of contracting the virus. At a time when the country is practicing social distancing and self-isolating, Mickel's recent exposure to other inmates would likely put his daughter at greater risk were he to return to the home.

### III. CONCLUSION

For the forgoing reasons, as well as the reasons set forth in the government's response, the Court finds that the government has demonstrated by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of the community or other persons. Accordingly, the motion of defendant Mickel to revoke the detention order is DENIED.

**IT IS SO ORDERED**.

Dated: April 16, 2020

                                         **HONORABLE SARA LIOI**
                                         **UNITED STATES DISTRICT JUDGE**