UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:20-cr-159 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| RONALD MICKEL, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion of defendant Ronald Mickel ("Mickel" or "defendant"), pursuant to Fed. R. Civ. P. 55, for entry of default judgment against plaintiff United States of America (the "government"). (Doc. No. 88 (Motion).) For the reasons set forth below, the motion for default judgment is DENIED.

## I. BACKGROUND

On September 21, 2023, Mickel filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. No. 83 (§ 2255 Motion).) After completing an initial review of the § 2255 Motion, the Court directed the government to file an answer within 30 days from the date of the entry of the Court's Scheduling Order. (Doc. No. 84 (Scheduling Order), at 1.) The Scheduling Order also afforded defendant leave to file a reply in support of his motion to vacate within 30 days from the date set forth in the certificate of service attached to the government's response. (*Id.*)

At the government's request, the Court twice extended the time in which the government

had to respond to the § 2255 Motion. By virtue of these extensions, the government's response to the motion to vacate was due January 25, 2024, and defendant's reply was due February 20, 2024. (Order [non-document], 1/9/2024; *see* Doc. No. 85 (Motion for Extension of Time); Order [non-document], 10/25/2023 (granting motion for extension of time and providing for an answer date of December 11, 2023); Doc. No. 86 (Second Motion for Extension of Time).)

On January 25, 2024, in accordance with Court's Scheduling Order and the extensions granted by the Court, the government filed its timely Answer to the § 2255 Motion. (Doc. No. 87 (Answer).) Unfortunately, the Answer did not contain a certificate of service or otherwise indicate that Mickel was served with a copy. Mickel did not file a reply in support of his motion to vacate. Instead, on February 27, 2024, Mickel filed the present motion for default judgment, asserting that default judgment was appropriate because the government failed to file an answer to his motion to vacate. (*See* Doc. No. 88, at 2.) In an affidavit appended to the motion, Mickel further averred that he was never served with a copy of any answer or response to the § 2255 Motion. (Doc. No. 88-1 (Affidavit of Ronald Mickel) ¶ 3.)

**II.     DISCUSSION**

As an initial matter, the Court observes that default judgments are ordinarily unavailable in habeas cases and § 2255 motions. *See Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970); *Koelblin v. United States*, Nos. 1:15-cr-11, 1:16-cv-1996, 2016 WL 7012302, at *2 & n.19 (N.D. Ohio Dec. 1, 2016) (collecting cases); *Watkins v. United States*, Nos. 2:08-cv-1053, 2:04-cr-119(3), 2009 WL 2168790, at *1 (S.D. Ohio July 16, 2009) (citations omitted). "Even where a respondent fails entirely to respond to a § 2255 petition a federal District Court should ordinarily proceed to the merits of the claims rather than enter a judgment of default." *Melville v. United*

*States*, Nos. 2:06-cv-992, 2:91-cr-23(2), 2008 WL 2682853, at *1 (S.D. Ohio July 1, 2008) (citations omitted); *see also United States v. Flynn*, No. 1:04-cr-165, 2006 WL 753123, at *1 n.1 (W.D. Mich. Mar. 22, 2006) (noting that former Rule 55(e) barred entry of default judgment against the United States on a meritless claim); Fed. R. Civ. P. 55(d) ("A default judgment may be entered against the United States . . . only if the claimant establishes a claim or right to relief by evidence that satisfies the court.").

More importantly, the government did timely respond to Mickel's motion to vacate. (*See* Doc. No. 87, filed 1/25/2024.) Nevertheless, because it appears that Mickel may not have been served with a copy, the Clerk of the Court is directed to mail Mickel a copy of the Answer. Mickel, in turn, will be permitted to file a reply in support of his motion to vacate by no later than April 5, 2024.

### III. CONCLUSION

For the foregoing reasons, defendant's motion for default judgment (Doc. No. 88) is DENIED.

**IT IS SO ORDERED**.

Dated: March 4, 2024

                                              **HONORABLE SARA LIOI**
                                              **CHIEF JUDGE**
                                              **UNITED STATES DISTRICT COURT**